UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GIONE V. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-1039 |
| | ) | |
| RICARDO RIOS, | ) | |
| | ) | |
| Respondent. | ) | |

### O R D E R

This matter is now before the Court on Gione v. Smith's ("Smith") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Smith's Petition [#1] is DISMISSED without prejudice.

### Background

Smith was found guilty on one count of a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) in the Federal District Court for the Northern District of Ohio, on August 21, 2006. On October 30, 2006, he was sentenced to 55 months of imprisonment and 3 years of supervised release. Smith is currently incarcerated in the Federal Correctional Institution in Pekin, Illinois.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner

exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. § 542.10 *et seq*. Such procedures include a request for informal resolution, formal request for remedy, appeal to the BOP Regional Director, and appeal to the National Inmate Appeals Board. 28 C.F.R. §§ 542.13, 542.14, and 542.15. A review of Smith's Petition and the BOP's administrative remedy records indicates that Smith has not yet completely exhausted the administrative remedies available to him. Smith has attached correspondence he sent to the Central Office of the National Inmate Appeals Board. In his correspondence, he explains that he did not timely receive his DHO report in order to attach it to his appeal,[1] he has otherwise complied with the Code of Federal Regulations, and stall tactics have been used against him. He argues that the delays in his appeal of the revocation of his good time credits have denied him due process.

However, the documents Smith has attached to his petition and the supplemental documents show that Smith has continually been directed as to how to correctly proceed with his appeal, and that he has consistently failed to properly do so. The documents Smith filed with the Court on March 10, 2010, show that he is at the regional appeal stage. Therefore, the Court finds that Smith has failed to exhaust

---

[1] Smith continually asserts that he received an untimely copy of his DHO report where 28 C.F.R. § 541.17(g) provides that the "DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." He apparently received a copy after more than 90 days had passed. Smith fails to recognize that the Regulation provides that an inmate shall "ordinarily" receive a copy, not that the inmate must absolutely receive a copy within 10 days.

his administrative remedies as required under Carnine, and his Petition must be dismissed. Smith's proper recourse is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the district in which he is imprisoned. The Court need not reach the merits of Smith's claim.

## Conclusion

For the reasons set forth herein, Smith's Petition for Writ of Habeas Corpus [#1] is DISMISSED without prejudice for failure to exhaust administrative remedies.

ENTERED this 22nd day of March, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge
